UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARTINE TAYLOR, | |
| Petitioner, | Civil Action No. 15-6862 (MAS) |
| v. | **MEMORANDUM AND ORDER** |
| JOHN POWELL, et al., | |
| Respondents. | |

*Pro se* Petitioner Martine Taylor, a prisoner confined at the Bayside State Prison in Leesburg, New Jersey, seeks to file a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for § 2254 petitions, *i.e.*, AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014); Petitioner used an outdated form instead.

**IT IS** therefore on this 24th day of September, 2015;

**ORDERED** that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per

1

curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs ...."); it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank form for a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus – AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014); it is further

**ORDERED** that the Clerk's service of the blank section 2254 form shall not be construed as this Court's finding that the petition is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey 08608, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form;[1] it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is further

---

[1] The Court notes that a cursory review of the Petition reveals that Petitioner does not appear to have sought post-conviction relief in state court, after exhausting his remedies on direct appeal. While the exhaustion of post-conviction remedies is not required to file a habeas petition with this Court, nevertheless the Court is compelled to notify Petitioner that a habeas petition must contain ***all*** grounds for relief, and Petitioner may be forever barred from raising any other habeas claims not raised in the current Petition, regardless of whether Petitioner exhausts said post-conviction remedies hereafter. *See Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). Petitioner may wish to consider withdrawing the current Petition, and refile after having exhausted all available state-court remedies. If Petitioner chooses to withdraw and refile, Petitioner should be mindful of the applicable one-year statute of limitations under 28 U.S.C. § 2244(d).

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

_____
**Michael A. Shipp**
United States District Judge